IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE CINNCINNATI INSURANCE COMPANY, as subrogee of RP Support America, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> OLD DOMINION FREIGHT LINE, INC. And FREIGHTQUOTE.COM, INC., <br><br> Defendants. | Case No. <br><br> NOTICE OF REMOVAL |

TO: PLAINTIFF AND ITS ATTORNEY.:

Defendant Old Dominion Freight Line, Inc. ("ODFL"), by and through its undersigned counsel, hereby removes the above-entitled action from the Iowa District Court in and for Mahaska County, to this Court, pursuant to 28 U.S.C. §§ 1331, 1337, 1441(a) and (b), and 1445(b) on the following grounds:

1. On or about September 29, 2022, a civil action was filed in the Iowa District Court in and for Mahaska County, captioned *The Cincinnati Insurance Company, as subrogee of RP Support America Inc. v. Old Dominion Freight Line, Inc. and Freightquote.com, Inc.,* No. LALA075535 (the "State Court Action").

2. This Notice of Removal is filed within thirty days of service or of receipt of notice that the case is or has become removable.

3. Prior to filing this Notice of Removal, ODFL has made no answer, pleading, or appearance in the State Court Action.

1

4. Prior to filing this Notice of Removal, Freightquote.com, Inc. has made no answer or pleading in the State Court Action.

5. The Complaint is based upon damages claimed as arising from a shipment of goods that traveled in interstate commerce from New Sharon, Iowa to South Deerfield, Massachusetts.

6. Further, the Complaint alleges that ODFL transported the goods and is liable for the damages that allegedly occurred to them.

7. Accordingly, because they arise from damage to or loss of freight shipped in interstate commerce, Plaintiff's state law causes of action are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 *et seq.* Therefore, this is a matter over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and which may be removed under 28 U.S.C. § 1441. Further, the amount in controversy exceeds $10,000. 28 U.S.C. §1445(b).

8. Even though the State Court Action does not contain a federal cause of action on its face, it is completely preempted pursuant to the ICC Termination Act, 49 U.S.C. § 13101 *et. seq.* and the Carmack Amendment to the Act, primarily codified at 49 U.S.C. § 14706, and is therefore subject to removal. Plaintiff alleges that ODFL is a motor carrier that transported the allegedly damaged goods within the meaning of the Act and involved in interstate commerce pursuant to the Act. 49 U.S.C. § 13907(a). As such, Plaintiff's state law claims are necessarily federal in character because they fall within the category of state law claims which have been completely and expressly preempted pursuant to the Carmack Amendment. For example, the United States Court of Appeals for the Ninth Circuit has expressly held that Carmack completely preempts state law claims such that removal of a complaint asserting only state law claims is permitted:

> [Plaintiff] argues that the district court lacked removal jurisdiction over this case. We disagree. The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687-88 (9th Cir. 2007). If a plaintiff brings a contract action against an interstate carrier for any of these reasons . . . then the defendant may properly remove the case to federal court. . . . Almost every detail of [interstate common carrier liability] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). Other courts, including the United States Supreme Court, agree. *See, e.g., Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014). The Carmack Amendment "creates a uniform rule for carrier liability when goods are shipped in interstate commerce" and thus "preempts state law claims arising from failures in the transportation and delivery of goods." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir.2002). It is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination". *N.Y., Phila., & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md.*, 240 U.S. 34, 38 (1916); *see also Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."); *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir.1996) (concluding that Carmack Amendment "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments"); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir.2002) (upholding Carmack Amendment preemption of state law claims for, inter alia, negligence); *Smith*, 296 F.3d at 1247–48 (same); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706 (4th Cir.1993)

("[T]he Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment. Allowing a shipper to bring common law breach of contract or negligence claims against a carrier for such loss or damage conflicts with this policy."). Although Plaintiff's causes of action are pled as state-law negligence and breach of contract claims, these claims are completely preempted by the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, and are, therefore, subject to removal. Accordingly, this Court has jurisdiction over Plaintiff's causes of action enumerated in the Complaint.

9. Written notice of the filing of this Notice of Removal has been served on all parties herein and a copy of this notice has been filed with the Clerk of Court of the state court.

10. This Notice of Removal is filed in compliance with Rule 11, Federal Rules of Civil Procedure.

11. Attached as **Exhibit A** are copies of all processes, pleadings and other documents served upon ODFL in the State Court Action.

12. ODFL is filing this notice solely by reason of the requirements of 28 U.S.C. §1446, and this notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

13. ODFL reserves all defenses, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of this notice.

14. Pursuant to 28 U.S.C 1441(c)(2), the consent of Defendant Freightquote.com, Inc. to this removal is not required.

WHEREFORE, ODFL respectfully prays that the above-entitled action now pending against it in the Iowa District Court in and for Mahaska County, be hereby removed from the

above-referenced State Court to the United States District Court for the Southern District of Iowa Central Division.

                                                            Respectfully submitted,

*/s/ Kimberly P. Knoshaug*
Kimberly P. Knoshaug
LEWIS, WEBSTER, VAN WINKLE &
  KNOSHAUG, L.L.P.
400 Locust Street
Suite 380
Des Moines, Iowa 50309
Telephone: 515-243-1000
Facsimile: 515-288-7000
Email: kpk@lewislaw-ia.com
ATTORNEYS FOR THE DEFENDANT OLD DOMINION FREIGHT LINE, INC.

      Proof of Service

The undersigned certifies that a copy of the foregoing instrument was filed with the clerk of the U.S. District Court for the Southern District of Iowa and that a true copy of the foregoing instrument was served upon all parties in interest to the above-entitled cause of action by electronic mail to each party's respective email address on the 25th of October, 2022. The parties in interest referred to above are:

Kevin V. Abbott, Esq.
ABBOTT, OSBORN, JACOBS, PLC
974 – 73rd Street
Windsor Heights, Iowa 50265
iowa@midwestlawgroup.com
ATTORNEYS FOR PLAINTIFF

Martha L. Shaff, Esq.
Micah P. Johnson, Esq.
BETTY, NEUMAN & McMAHON, PLC
1900 East 54th Street
Davenport, Iowa 52807 – 2708
martha.schaff@bettylawfirm.com
micah.johnson@bettylawfirm.com
ATTORNEYS FOR FREIGHTQUOTE.COM

.

_Kimberly P. Kirkland_